ULYSSES B. BREWSTER, WILLIAM H. SOLOMON, and
ISRAEL BROWN, plaintiffs in error, *v.* FREDERICK SCAR-
BOROUGH, impleaded, &c., defendant in error.

*Error to Cook.*

The Circuit Courts are courts of general original jurisdiction, and are exclusively
vested with jurisdiction, in civil cases, except those of justices of the peace,
whose jurisdiction is limited to sums of one hundred dollars.

A Circuit Court has jurisdiction in civil cases over all transitory actions, where
the defendant comes or may be found within the territorial limits of its juris-
diction, notwithstanding he may reside without or beyond it.

THIS was an action of *assumpsit* commenced by the plaintiffs
against the defendants, by *capias,* upon a bill of exchange, dated
" New York, August 13, 1836," made by the defendants, paya-
ble to the plaintiffs' order, at eleven months. The bill was ac-
cepted by the drawers in these words, " accepted payable at the
Branch Bank of Indiana of Terre Haute, G. & F. Scarborough."

At the March term, 1838, of the Cook Circuit Court, the
Hon. John Pearson presiding, the following plea was pleaded, to
wit :

" And the said defendant, Frederick Scarborough, in his own
proper person, comes and says, that this Court ought not to have or
take further cognizance of the action aforesaid, because he says,
that the supposed causes of action, and each and every of them,
(if any such have accrued to the said plaintiffs,) accrued to the
said plaintiffs out of the jurisdiction of this Court, that is to say,
in the county of Vermilion, where the above named defendant re-
sided, at the time the cause of action accrued, and not at Chicago,
in the county of Cook, or elsewhere, within the jurisdiction of this
Court, and this the said defendant is ready to verify, wherefore he
prays judgment whether the Court can or will take further cogni-
zance of the action aforesaid.

To the above plea the plaintiffs demurred, and the Court over-
ruled the demurrer, and gave judgment for the defendant.

J. GRANT and FR. PEYTON, for the plaintiffs in error.

L. DAVIS and F. FORMAN, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :(1)
This was an action of *assumpsit* brought on a bill of exchange,
made in the city of New York, and accepted by the defendants,
payable in the State of Indiana, and declared on as such. One
of the defendants was arrested on a *capias ad respondendum,* is-

' (1) Wilson, Chief Justice, was not present on the argument of this cause.

sued out of the Circuit Court of the county of Cook. The other defendant was not found. There is but one count in the declaration, and that is on the acceptance of the bill, by the defendants, payable in the State of Indiana. The defendant on whom the process was served, pleaded in abatement to the jurisdiction of the Court ; and that is the single point presented for consideration.

It is assumed in support of the plea, which the Circuit Court of Cook county sustained, on a demurrer to it, that the Circuit Court had no jurisdiction whatever over the cause of action ; because the cause of action did not arise in the county of Cook, and that the jurisdiction of the Court is, in such cases, bound by its territorial limits ; and although the defendant was within its acknowledged territorial jurisdiction, still it is urged that the Circuit Court had no jurisdiction over the subject matter of the cause of action.

To determine this question, which reaches, it would seem, to all transitory actions, which may be brought in the Circuit Courts of the State, and which therefore involves a question of vast magnitude, in reference to cases antecedently had, as well as those to be prosecuted hereafter, it will be necessary to consider the jurisdiction conferred on the Circuit Courts by statute ; and the exposition that has been given to their jurisdiction, under the laws conferring their jurisdiction, and the practice had in reference thereto. From the 31st of March, 1819, to the act of the 23d January, 1829, the jurisdiction conferred by statute has been uniformly the same ; and is contained in the following language, " and the said Circuit Courts shall be holden at the respective court houses of said counties, and the said justices respectively, in their respective circuits, shall have jurisdiction over all causes, matters, and things, at common law, and in chancery, arising in each of the counties in their respective circuits, where the debt or demand shall exceed the sum of twenty dollars."(1)

It is insisted, that inasmuch as the cause of action did not, in a technical sense, originate in the county of Cook, it not being the place where the contract arose, or was created, that therefore it cannot be said to be a case of contract arising within the jurisdiction of the Court ; and that consequently, it has not jurisdiction of the cause. If this be true, then the Circuit Courts of the State are ousted of all jurisdiction whatever in personal actions, where the cause does not so arise, although they are transitory in their character.

It is conceded that the ordinary signification of the language used, would import that the jurisdiction is confined, in civil cases, to causes of action originating in the county where the Court sits. Yet this surely could not have been the intention of the legisla-

(1) R. L 151–2; Gale's Stat. 171.

ture ; because of the clear and manifest injustice, such a construction must inevitably produce.

It would cut off all remedy for the collection of debts created elsewhere, than in the county of the residence of the person contracting ; and wholly exempt those who contracted out of the State, from being amenable to the process of our courts.    A moment's consideration will show, that a construction which involves such consequences, ought not to be imputed to the legislative department.    It would at once directly conflict with the 12th section of the 8th article of the Constitution of this State, which declares, " that every person within the State ought to find a certain remedy in the laws, for all injuries or wrongs, which he may receive in his person, property, or character."    It must, therefore, receive such a reasonable interpretation, as will best conduce to the attainment of the object the legislature had in view, without doing violence to the language used, and the objects contemplated.    We are justified in the assertion, that the framers of the law intended to convey a jurisdiction, in civil cases, over all transitory actions, where the party comes within the territorial limits of its jurisdiction, considering that the cause of action would arise wherever the person of the party was found.    This construction is reconcilable with the intent and object in view, at the passage of the acts creating the jurisdiction ; and is conformable to the universal practice which has obtained in the Circuit Courts ever since their creation. This construction is moreover directly fortified by a provision in the first section of an act concerning practice in the courts of law of this State, which declares, " that it shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract, or cause of action accrued in the county of the plaintiff, or where the contract may have been specifically made payable."(1)

The object of this act was to restrain a previous practice, which had obtained, of sending process from one county to another, to bring the defendant into a county where he did not reside, and was productive of much oppression.

But we find in the words, " or may be found," a direct recognition of the right to arrest or serve a party with process, issuing out of the Circuit Court of any county, into which the party shall come and may be found.    It is a clear recognition of the right to prosecute a party, on a cause of action transitory in its nature, in the Circuit Courts of any county whenever that party may be found within its territorial jurisdiction.

Every argument which supports this construction is in favor of common right ; all others that oppose it, appear to have their origin in injustice and error.

(1) R. L. 145 ; Gale's Stat. 166.

The Circuit Courts are courts of general original jurisdiction, and are exclusively vested with jurisdiction, in civil cases, except those of justices of the peace, whose jurisdiction is limited to sums of one hundred dollars. If they have not jurisdiction, then, in all cases exceeding that sum, there is no remedy.

Such a condition of the law cannot be for a moment supposed ; and the extraordinary results which would flow from such a state of the law, sufficiently admonishes us of the dangers which would arise from sustaining the judgment in this case.

Under these views, we cannot hesitate to reverse the judgment, and remand the cause for further proceedings, with costs of suit.

*Judgment reversed.*

*Note.* See Beaubien *v.* Brinckerhoff, and note, *Ante* 274.